# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.12-00185-07-CR-W-FJG |
| | ) |
| Sara Murdock, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is defendant Sara Murdock's ("Murdock") MOTION TO SEVER AND MOTION FOR SPEEDY TRIAL, filed April 25, 2013 [Doc. 84]. Murdock is charged with conspiring with her co-defendants to possess with intent to distribute and to distribute heroin. In addition, she and another co-defendant are charged with unlawful use of a communication facility.

In her motion, Murdock seeks to sever her trial from that of her co-defendants and to proceed alone to trial on the May 28, 2013 trial docket. In support of her motion, Murdock asserts that the Government has insufficient evidence to prove she distributed narcotics and that if she were tried with her co-defendants she could be found guilty by association. Murdock also indicates she does not wish to wait until December, 2013 to proceed to trial and invokes her constitutional and statutory rights to a speedy trial.

Fed. R. Crim. P. 14 provides for relief from an unduly prejudicial situation and states:

> If it appears that a defendant or the government is prejudiced by a
> joinder of offenses or of defendants in an indictment or
> information or by such joinder for trial together, the court may

> order an election or separate trials of counts, grant a severance of
> defendants or provide whatever other relief justice requires.

A motion to sever is addressed to the sound discretion of the trial court, and a denial of severance is not ground for reversal unless great prejudice and abuse of discretion are shown. *United States v. Mims*, 812 F.2d 1068, 1076 (8th Cir. 1987); *United States v. Robinson*, 774 F.2d 261, 266 (8th Cir. 1985); *United States v. Adkins*, 842 F.2d 210, 212 (8th Cir. 1988). An individual defendant shoulders a heavy burden in trying to establish that the denial of a severance motion was an abuse of the district court's discretion. *United States v. Robinson*, 774 F.2d at 266. Joint trial of jointly indicted defendants who are charged with conspiracy is favored for the reason of judicial economy, especially when proof against defendants is based upon the same evidence or acts; and a denial of severance is reversible only where it is so prejudicial that the district court could have exercised its discretion in only one way. *United States v. Reed*, 733 F.2d 492, 508 (8th Cir. 1984); *United States v. Reeves*, 674 F.2d 739, 744 (8th Cir. 1982).

Murdock essentially argues that she will suffer prejudice from a spillover of evidence introduced against her co-defendants and that the quantum of evidence against the other defendants will be so great as to prejudice her own right to a fair trial. She asserts that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants in order to make an independent determination of her guilt.

A defendant is not entitled to a severance simply because the evidence against a co-defendant may be more weighty or damaging than the evidence against him. *United States v. White*, 794 F.2d 367, 369 (8th Cir. 1986); *United States v. Arenal*, 768 F.2d at 268. Thus, preference for joint trial of jointly indicted defendants is not limited by any requirement that the

quantum of evidence regarding each is equal. *United States v. Faul*, 748 F.2d 1204, 1216-1217 (8th Cir. 1984); *United States v. Reed*, 658 F.2d 624, 629 (8th Cir. 1981). Where the jury is able to follow the trial court's instructions and compartmentalize the evidence against each defendant, each count individually, there is no abuse of discretion in denying severance on the ground that the evidence would "spill over" from one or more defendants to another. *United States v. DeLuna,* 763 F.2d 897, 919 (8th Cir. 1985). Severance will be granted only on a showing of real prejudice to an individual defendant and requires more than a mere showing that a defendant may have a better chance of acquittal if severed. *United States v. Arenal, supra*, at 268; *United States v. Knife*, 592 F.2d 472, 480 (8th Cir. 1979); *United States v. Mansaw*, 714 F.2d 785, 790-791 (8th Cir. 1983). The Court is confident that the jury will be able to follow the cautionary instructions to compartmentalize the evidence in order to make an independent determination of Murdock's guilt or innocence on each count.

Murdock has made no showing of prejudice that would entitle her to severance. Moreover, inasmuch as the Court has found that Murdock is not entitled to a severance, her request to proceed to trial on the May 28, 2013 trial docket must be denied as well. In continuing the trial of this matter to December 2, 2013 at the request of Murdock's co-defendants, the Court found "that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial." [Doc. 71, pg. 3.]. "If one defendant files a motion to continue and the district court grants it, then that time is excluded as to all co-defendants regardless of whether a motion to sever has been filed." *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011). Accordingly, the period of delay resulting

from the continuance is excludable as to Murdock under the Speedy Trial Act, 18 U.S.C. §3161(h)(7).

The Court is aware of its continuing duty to grant a severance if and when prejudice becomes apparent, either before or during trial. *Schaffer v. United States*, 362 U.S. 511, 514-516 (1960); *United States v. Engleman*, 648 F.2d 478, 480 n.5 (8th Cir. 1981).

Accordingly, it is

**ORDERED** that Murdock's MOTION TO SEVER AND MOTION FOR SPEEDY TRIAL, filed April 25, 2013 [Doc. 84] is **DENIED**.

  */s/ John T. Maughmer*
**John T. Maughmer
United States Magistrate Judge**